UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ROBERTINA VENTURA, ) | |
| ) | |
| Plaintiff, ) | Case: 3:25-cv-02230 |
| ) | |
| v. ) | |
| ) | |
| CLAY COUNTY HEALTH ) | |
| DEPARTMENT, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Robertina Ventura ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Clay County Health Department ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendant's religion-based discrimination, religion-based harassment, failure to accommodate Plaintiff's religious beliefs , as well as retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*

3. Venue of this action properly lies in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b), insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination and retaliatory discharge with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal, Notice of Right to Sue.

## PARTIES

8. Plaintiff, Robertina Ventura, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint, resided in Clay County, Illinois.

9. Defendant, Clay County Health Department, is an entity that at all times material to the allegations in this Complaint was doing business in and for Clay County, Illinois, whose address is 601 E 12th Street, Flora, Illinois 62839-2335.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff was employed by Defendant as a Family Support Specialist from November 27, 2023, until Plaintiff's unlawful termination on or about December 19, 2024.

13. Plaintiff is a follower, member, or practitioner of the Pillars of Truth Free Seventh-

day Adventists faith.

14. Plaintiff's religious beliefs are sincerely held.

15. Tradition dictates that followers of the Pillars of Truth Free Seventh-day Adventists faith abstain from vaccinations.

16. Plaintiff adheres and observes all religious codices and established practices of the Pillars of Truth Free Seventh-day Adventists faith.

17. Plaintiff is a member of a protected class due to her religion.

18. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment as evidenced by Defendant's encouragement to apply for a promotion.

19. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class in violation of Title VII.

20. As a full-time Family Support Specialist, Plaintiff performed home visits, supported families, and provided translation services in the office.

21. In or around July 2024, Plaintiff's hours were reduced to part-time (24 hours per week) due to the expiration of a grant, not for any performance-related reasons.

22. Plaintiff was made aware of this possibility at the time of her hire.

23. Despite the change, Plaintiff continued performing her duties in the same capacity, including home visits and translation work.

24. On or about October 22, 2024, Plaintiff's supervisor Rachel Henson called to inform Plaintiff that a full-time position would be opening in the near future and encouraged Plaintiff to apply.

25. Additionally, Plaintiff was encouraged to apply by Samantha Weidner, the Head

Program Director.

26. This gave Plaintiff the impression that her work performance was valued and appreciated.

27. On or about November 13, 2024, Plaintiff was asked in a roundtable meeting whether Plaintiff was vaccinated.

28. Plaintiff responded that she would prefer to speak privately about the matter.

29. Plaintiff subsequently met with Head Nurse Lyn Waller, who stated that the agency had been audited and realized they did not have Plaintiff's vaccination records on file.

30. Specifically, she told Plaintiff that she would need to get a T-dap vaccine.

31. As a member of the Pillars of Truth Free Seventh-day Adventists, a d/b/a of Berean Church of Free Seventh-day Adventists, it is against Plaintiff's sincerely held religious beliefs to receive vaccinations.

32. On or about November 20, 2024, Plaintiff hand-delivered a letter from her pastor to HR Representative Stacey Ray, formally requesting a religious exemption from the vaccination requirements.

33. By submitting her letter to Defendant, Plaintiff effectively engaged in protected activity by requesting a religious accommodation.

34. In that letter, it was clearly stated that Plaintiff was a practicing member of the Free Seventh-day Adventist denomination, and that her faith teaches abstention from vaccinations.

35. Therefore, Defendant was also officially on notice of Plaintiff's religious practices.

36. Plaintiff also told HR that to the extent her request was approved, Plaintiff was fully willing to comply with any reasonable safety measures, such as masking or distancing, in order to continue working without violating her beliefs.

37. After submitting the letter, Plaintiff never received any official response or follow-up regarding her accommodation request.

38. On or about December 11, 2024, Plaintiff asked her supervisor, Rachel Henson, if there had been any update on Plaintiff's request.

39. Rachel told Plaintiff that she had attended a meeting with HR and management, during which they were "panicking" about the letter.

40. Defendant's reaction to Plaintiff's accommodation request for a religious vaccine exemption reflects discriminatory animus towards Plaintiff, as it treats her religious beliefs as an inconvenience rather than a protected right.

41. Further, Rachel stated, "they are throwing me under the bus, please don't be mad at me, but they made me make things up in order to justify your termination."

42. Plaintiff was shocked by Defendant's blatant discriminatory conduct.

43. On or about December 13, 2024, Plaintiff was informed of her termination.

44. The stated reasons were that Plaintiff allegedly did not know how to input data into the system and that there were alleged complaints from Plaintiff's clients.

45. These reasons for Plaintiff's termination were false and pretextual.

46. Individuals outside of Plaintiff's protected class were not terminated for failure to understand how to input data into the system, as evidenced by Plaintiff supporting her co-workers who needed help with the system.

47. Plaintiff had been working in the role for over a year, knew how to use the data system proficiently, and had even helped co-workers with it.

48. Additionally, Plaintiff had never received any write-ups or disciplinary action related to these claims, further indicating that the reason for Plaintiff's termination was pretextual.

49. Furthermore, just two months earlier, management had encouraged Plaintiff to apply for a full-time role — which is incongruent with Defendant's alleged belief that Plaintiff had performance issues.

50. After Plaintiff was notified of her termination, Plaintiff was allowed two weeks to close out her files.

51. However, Plaintiff was deeply affected emotionally and mentally by the discriminatory treatment and retaliation against Plaintiff's religious beliefs and accommodation request.

52. Plaintiff became extremely depressed and was unable to get out of bed for several days.

53. On or about December 16, 2024, Plaintiff's severe emotional distress led her to seek therapeutic intervention.

54. Before Plaintiff could provide Defendant with a doctor's note in connection with her absences from December 16 to 19, 2025, Plaintiff received notice that her employment was terminated effective immediately.

55. Plaintiff was discriminated against on the basis of her religion, Defendant failed to accommodate her sincerely held religious beliefs, and Plaintiff was retaliated against for engaging in protected activity (i.e., requesting a religious accommodation).

56. It was clear to Plaintiff she was being singled out and discriminated on the basis of her religion.

57. Based on the foregoing, there is compelling evidence that Plaintiff was terminated on the basis of her religion and her religious accommodation request.

58. Ultimately, Plaintiff was terminated on the basis of her religion and religious

accommodation request.

59.     Plaintiff can show she engaged in protected activity, a requirement for Plaintiff's retaliation claim, because Plaintiff engaged in protected activity when she requested accommodation in relation to her religion.

### COUNT I
### Violations of Title VII of the Civil Rights Act of 1964
### (Religion-based Discrimination)

60.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

61.     "Title VII prohibits employers from 'discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Sklyarsky v. Harvard Maint., Inc.*, 2014 U.S. Dist. LEXIS 96187, at *12 (N.D. Ill. 2014) *citing* 42 U.S.C. §2000e-2(a)(1) (emphasis added).

62.     To state a Title VII religious discrimination claim, a plaintiff must allege that (1) their bona fide religious observances or practice conflicts with an employment requirement; (2) they called the observance or practice to their employer's attention; and (3) the religious observance or practice was the basis for an adverse employment decision. *Mahran v. Cnty. Of Cook*, 2023 U.S. Dist. LEXIS 206308, at *5-6 (N.D. Ill. 2023) *citing Adeyeye v. Heartland Sweeteners,* LLC, 721 F. 3d 444, 449 (7th Cir. 2013).

63.     Plaintiff engages a bona fide religious practice of abstaining from vaccinations.

64.     Defendant discriminated against Plaintiff by terminating Plaintiff's employment shortly after Plaintiff disclosed her identity as a member of the Pillars of Truth Free Seventh-day Adventists faith, disclosed her religious practice of abstaining from vaccinations, and requested a religion-based accommodation of a religious exemption.

65.     Plaintiff suffered an adverse employment action in the form of termination as a

result of Defendant's discrimination.

66. Based on the foregoing, Defendant willfully discriminated against Plaintiff based on her religion in violation of Title VII.

67. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964
### (Failure to Accommodate Religious Belief or Practice)

68. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

69. Title VII requires an employer to reasonably accommodate an employee's religious beliefs or practices, unless doing so would cause an undue burden on the employer.

70. Plaintiff holds a sincere religious belief of abstaining from vaccinations and requested accommodation to practice her religion.

71. Defendant was aware of the religious practice and the need for accommodations.

72. Defendant failed to engage in an interactive process to determine the appropriate accommodations after Plaintiff requested a reasonable accommodation.

73. The religion-based accommodation that Plaintiff requested was objectively reasonable and did not place an undue burden on Defendant.

74. Instead of taking steps to accommodate Plaintiff's practice of abstaining from vaccinations, Defendant terminated Plaintiff on the basis of her religion and religious practices.

75. Accordingly, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's sincerely held religious beliefs or practices in violation of Title VII.

76. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT III

**<u>Violations of Title VII of the Civil Rights Act of 1964</u>**
**<u>(Religion-Based Harassment)</u>**

77. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

78. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff because of Plaintiff's religion in violation of Title VII.

79. Defendant knew or should have known of the religion-based harassment.

80. The religion-based harassment was severe or pervasive.

81. The religion-based harassment was offensive subjectively and objectively.

82. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's religious beliefs or practices.

83. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

84. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT IV</u>**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

85. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

86. Plaintiff engaged in protected activity and is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

87. During Plaintiff's employment with Defendant, Plaintiff reasonably requested a

religious based accommodation to abstain from vaccinations.

88. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

89. In response to Plaintiff's protected activity, Defendant failed to engage in an interactive process with Plaintiff to determine if she could be accommodated.

90. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

91. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

92. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's requesting religious accommodations, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

93. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

94. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay;

  b.  Payment of interest on all back pay recoverable;

  c.  Front pay;

  d.  Compensatory and punitive damages;

  e.  Reasonable attorney's fees and costs;

  f.  Award pre-judgment interest if applicable; and

  g.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of December 2025.

                ***/s/Yasmeen Elagha, Esq.***
                Yasmeen Elagha, Esq.
                Mohammed O. Badwan, Esq. (Lead)
                Atlas Law Center, Ltd.
                2500 South Highland Avenue
                Suite 200
                Lombard, IL 60148
                Phone (630) 575 - 8181
                Fax (630) 575 - 8188
                yelagha@atlaslawcenter.com
                mbadwan@atlaslawcenter.com
                *Attorneys for Plaintiff*